## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

S.P.,                                    :
                                         :
            Petitioner,                  :
                                         :
v.                                       :        Case No. 4:25-cv-113-CDL-AGH
                                         :             28 U.S.C. § 2241
Warden, STEWART DETENTION               :
CENTER,                                  :
                                         :
            Respondent.                  :
_____         :

## <u>RECOMMENDATION OF DISMISSAL</u>

On March 24, 2025, the Court received Petitioner's application for habeas relief (ECF No. 1). Petitioner thereafter filed multiple motions (ECF Nos. 17, 19, 27-33, 35) seeking various forms of relief. Respondent filed a motion seeking a bond hearing (ECF No. 18). On August 1, 2025, the Court issued a Report and Recommendation recommending granting Respondent's motion and granting Petitioner's motions in-part (ECF No. 36). However, on August 14, 2025, Respondent notified the Court that Petitioner had been removed from the United States to France. Resp't's Mot. to Dismiss 1, ECF No. 41. In support, Respondent submitted a sworn declaration from Deportation Officer Javier Olmo averring that Petitioner was removed from the United States on August 13, 2025. Olmo Decl. ¶ 3, ECF No. 41-1. Due to Petitioner's removal, Respondent moves to dismiss the petition as moot. Resp't's Mot. to Dismiss 1-2. As explained below, the Court recommends that Respondent's motion to dismiss

be granted and the remaining pending motions (ECF Nos. 17-19, 27-33, 35) be denied as moot.[1]

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (citing U.S. Const. art. III, § 2, and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 7, ECF No. 1. Petitioner was removed from the country and appears to no longer be in Respondent's custody. Resp't's Mot. to Dismiss 1-2; Olmo Decl. ¶ 3. Petitioner did not respond to the motion to dismiss.[2] Because

---

[1] Petitioner generally seeks the following forms of relief: immediate release from custody, a bond hearing, immediate removal, and appointment of counsel. *See generally* ECF Nos. 17, 19, 27-33, 35. These requests for relief are moot given Petitioner's removal. Similarly, Respondent's request for a bond hearing (ECF No. 18) is moot given Petitioner's release from custody.

[2] The Court sent notice (ECF No. 44) to Petitioner of his right to respond to Respondent's motion to dismiss, but the notice was returned as undeliverable because he was no longer at the detention facility. Mail Returned, ECF No. 47. The Court has no other address for Petitioner.

Petitioner is no longer in Respondent's custody, the Court can no longer give Petitioner any meaningful relief, the case is moot, and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 41) be **GRANTED** and Petitioner's application for habeas corpus relief (ECF No. 1) be **DISMISSED as moot**.  It is further **RECOMMENDED** that the remaining motions (ECF Nos. 17-19, 27-33, 35) be denied as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  *See* M.D. Ga. L.R. 7.4.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of September, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE